GRIFFIN, J.,
dissenting.
I respectfully dissent.
I agree with the majority that chapter 561 is inadequate. Apparently, the shortcomings of this statute are of long standing and have previously been pointed out by the courts, but no effort has been made to solve them. When a creature of statute such as a liquor license is controlled by a statute that is either incomplete or unclear, our citizens either jerry-build solutions or just hope for the best. That appears to be what happened in this case. It appears to be common practice for a lessor to transfer, yet endeavor to control, a liquor license along with the lease of a business; yet, the statutory scheme makes no provision for such to be done. Indeed, the statute is clear that there are only two ways to transfer a license: (1) sale of a business; or (2) foreclosure of a lien on the license. § 561.32(1), Florida Statutes (1999). Florida does not recognize the “lease” of a liquor license. Apparently, the best that can be done is to convey the license subject to being reconveyed at the termination of the lease and hope such a contractual undertaking would be enforced. Notably, appellee in its brief describes the subject transaction as their “ownership of a license” which they “temporarily granted to the lessee.”
Chapter 561 only .contemplates either a sale of a liquor license or the recording of a security interest in a liquor license. Thus, not surprisingly, there is no mechanism in the Florida Statutes for the recording of a lease, management agreement, option to purchase, or the like affecting a liquor license, nor is there any procedure for the search of such documents at the request “of any person”, nor for the provision of “copies of all recorded liens” for a fee, similar to that which is provided by law for security interests. There is only the administrative rule that requires such documents be attached to the transfer application. It appears to me that the purpose of this rule is not to create a device for constructive notice but simply to allow the Division of Alcoholic Beverages and Tobacco to know who is doing what with the license. I concede that the lease at issue in this case was duly sent to the Division and that this form of temporary and contingent transfer of the license did not raise any objection from the Division. By the same token, however, the Division did not bother to reveal the lease when inquiry was made precisely because it wasn’t a “recorded” “lien.” Based on the statute, it appears that the owner of record is the owner in fact. I cannot agree that appellants had constructive notice of the lease and I would reverse.